by the fact that the circular offering the scrap for sale showed that it was distributed at various shops of the plaintiff at Baltimore, Cumberland, Md., Cleveland, Ohio, and four or five other places, and the place of delivery named in the contract was "B. & O. R. R. tracks at where located," thus giving plaintiff the option to deliver on its tracks at the various places at which the scrap happened to be situated. Under these circumstances a tender of 70,050 pounds of scrap before the termination of the time for delivery was within the terms of the agreement, and refusal of the defendant to accept it and its repudiation of the contract constituted an anticipatory breach of the contract, excusing further tender on the part of plaintiff, and giving rise to a cause of action for the breach. Wester v. Casein Co. of Amer., 206 N. Y. 506, 100 N. E. 488. Ann. Cas. 1914B, 377, and cases cited.

The determination of the Appellate Term and the judgment of the City Court should be reversed, and a new trial ordered, with costs to the appellants in all courts to abide the event. All concur.

---

### CARROLL v. BLUM.

(Supreme Court, Appellate Term, First Department. January 14, 1916.)

APPEAL AND ERROR ☞1046—REVIEW—HARMLESS ERROR.

> Though the trial judge was absent from the courtroom during the entire summation of counsel for both sides, that does not warrant a new trial, where it was admitted that no prejudice had been caused by the judge's absence.

> [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4128–4131, 4134; Dec. Dig. ☞1046.]

Appeal from City Court of New York, Special Term.

Action by Thomas B. Carroll against Max D. Blum. From a judgment entered on verdict of the jury, and an order denying a new trial, defendant appeals. Affirmed.

See, also, 152 N. Y. Supp. 961.

Argued January term, 1916, before GUY, BIJUR, and GAVEGAN, JJ.

Slade & Slade, of New York City (Maxwell Slade and David Slade, both of New York City, of counsel), for appellant.

Howard J. Bloomer, of New York City (Leo Levy and Alex. Davis, both of New York City, of counsel), for respondent.

PER CURIAM. This appeal is based on the single fact, alleged in the affidavit of defendant at Special Term, that the trial judge was absent from the courtroom during the entire summation of counsel for both sides.

While we are of opinion that the duty of a judge presiding at a Trial Term to be present during the trial is too manifest to require discussion, there is no claim made in this case—and appellant's counsel has, with commendable frankness, so stated upon the argument—

that any prejudice has been caused by the judge's absence. No incident or interruption is referred to or claimed to have occurred during the summation, and no appeal or intent to appeal to the judgment or authority of the court is even suggested.

Under these special circumstances, the absence of the judge has happened to become merely casual, and does not, in our opinion, warrant reversal of a judgment which is otherwise entirely justified by the law and the facts of the case.

Order affirmed, with $10 costs and disbursements.

---

### CLIFFORD v. MITCHELL MOTOR CO. OF NEW YORK.

(Supreme Court, Appellate Term, First Department.  January 14, 1916.)

APPEAL AND ERROR ☞207—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW—NECESSITY.

    Where, during the summing up of plaintiff's counsel, the trial judge absented himself from the room, and counsel indulged in improper and highly prejudicial argument, the fact that defendant did not request the judge, when he returned to the bench, to cure the error by appropriate instructions, does not preclude him from thereafter attacking the verdict.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1500; Dec. Dig. ☞207.]

Appeal from City Court of New York, Special Term.

Action by Kathleen Clifford against the Mitchell Motor Company of New York. There was a judgment for plaintiff, and from an order denying a motion to set aside the verdict and for a new trial, defendant appeals. Order reversed, and new trial granted.

Argued January term, 1916, before GUY, BIJUR, and GAVEGAN, JJ.

Herman Goldman, of New York City (Irving Zion, of New York City, of counsel), for appellant.

Elias Rosenthal, of New York City, for respondent.

PER CURIAM. In this case the affidavit of defendant's attorney recites that during the summing up, and in the absence of the trial judge, plaintiff's attorney referred to defendant and its agents as robbers, and said they had stolen the money paid by the defendant for the automobile and took advantage of her because she was a woman, etc.; that defendant appellant's counsel rose from his chair to protest, but realized, and so said to his associate, that there was no one to whom to protest. It is true he did not ask the judge, when he returned to the bench, to cure this trouble by instructing the jury appropriately; but we do. not think that that precludes him from raising the objection now, as we have explained in Carroll v. Blum, 157 N. Y. Supp. 7, decided at this term.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. Judgment vacated, and a new trial ordered.