### STEIN v. BAUMAN.

(Supreme Court, Appellate Term, First Department.   January 14, 1916.)

1. TRIAL �köm19—ABSENCE OF COURT.
    Where the trial judge was absent during the summation of plaintiff's counsel, who made several unwarranted and improper references therein, defendant's counsel interrupting and protesting against the remarks, although, upon his return, the judge endeavored to remedy the injury which had been done in his absence to defendant's interests, such absence was prejudicial.

    [Ed. Note.—For other cases, see Trial, Cent. Dig. § 38; Dec. Dig. ⊚⇒19.]

2. TRIAL ⊚⇒31—ABSENCE OF COURT—ACQUIESCENCE.
    Where defendant's counsel did not protest against the trial judge's absenting himself during summation by plaintiff's counsel, he did not thereby acquiesce in such absence.

    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 55, 84; Dec. Dig. ⊚⇒31.]

Appeal from City Court of New York, Special Term.

Action by Elsie Stein against C. Ludwig Bauman. From an order denying his motion to set aside the judgment rendered upon a verdict, defendant appeals. Order reversed, judgment vacated, and new trial ordered.

Argued January term, 1916, before GUY, BIJUR, and GAVEGAN, JJ.

Greenbaum, Wolff & Ernst, of New York City (Lawrence S. Greenbaum and Morris L. Ernst, both of New York City, of counsel), for appellant.

Milton I. Levy, of New York City (Jacob Zelenko and A. Joseph Seltzer, both of New York City, of counsel), for respondent.

PER CURIAM. [1] This case is similar to Thomas B. Carroll v. Max D. Blum, 157 N. Y. Supp. 7, decided at this term, except that it affirmatively appears that the appellant was clearly prejudiced by several unwarranted and improper references during the summation of respondent's counsel during the absence of the trial judge, and that appellant's counsel interrupted and protested against such remarks. Although apparently, upon the return of the learned judge to his duties at the conclusion of the summation of counsel, he made some endeavor to remedy the injury which had been done in his absence to appellant's interests, we hold that under the circumstances the absence of the court was clearly prejudicial.

[2] There is no merit in the contention that appellant's counsel acquiesced in the judge's absence by failure to protest against the same. Apart from the fact that it would be difficult to understand to whom or how the protest could be made until the injury was complete, we are unwilling to approve the doctrine that it is the duty of counsel to take affirmative formal steps to secure the attendance of the judge at the trial over which he presides.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs, judgment vacated, and a new trial ordered.